### N. H. BIGHAM, ET AL., *v.* BLOUNT HODGE'S EX'R, ET AL.

**Statute of Limitations as to Trustee.**

> Where one is trustee for another under the terms of a will, which trust is to terminate at the death of a named person, upon her death the trust terminates, and it becomes his duty to turn over to those entitled thereto the remainder of the estate; and he is in no sense a trustee of a continuing trust as to those entitled to the estate, and hence the statute of limitations begins to run as to their claims against him from the death of the beneficiary of his trust, and their claims will be barred unless asserted within the time named by the statute.

APPEAL FROM LIVINGSTON COURT OF COMMON PLEAS.

October 14, 1879.

OPINION BY JUDGE COFER:

The last will and testament of Robert C. Bigham contains the following clause, viz.: "I give and bequeath unto my beloved wife, Betsey, one-third of all my estate, both real and personal, to be controlled and managed by her during her life or widowhood, but if she should again marry, in that case I wish all the estate hereby willed to her to vest in the hands of a trustee, to be hereafter selected and appointed for that object by the county court of Livingston, or by the circuit court of said county, as may be most proper or convenient, and by him to be disposed of, in point of use, in such manner as he may think most profitable and advisable, and the proceeds thereof to inure to my said wife, to be enjoyed by her during her life, and at her death to descend to her now children and such others as she may have, if any, in equal proportions; my object in this is to secure to her, my said wife, the full and entire benefit of that portion of my estate hereinbefore bequeathed to her in case she should be so unfortunate as to inter-marry with some man who might not be disposed, or who might not be able to afford her the full and entire benefit of the same, and in order to prevent any other from the final disposal of the same."

The will was probated in 1832. In 1834 the widow of the testator married Blount Hodge and remained his wife until her death in 1864. No trustee was appointed as directed by the will. Hodge received whatever was coming to his wife under the will of her former husband, and died in 1877 without having in any way accounted to her children or their descendants for the money and property so received, and in August, 1877, they brought this suit against his executor to recover the same.

They sought to hold him responsible as a voluntary trustee. The executor, among other defenses, pleaded the statute of limitations. If, assuming that Hodge was a trustee as claimed, the statute presents a bar to the recovery sought, it will be unnecessary to state or consider the other grounds of defense relied upon.

The trust created by the will was primarily for the benefit of the testator's widow. The money and property were to be held by the trustee and the income appropriated for her benefit during her life, and at her death the principal was directed "to descend to" i. e., to be divided between her children in being at the testator's death, and such others as might thereafter be born to her, in equal proportions.

Sec. 20, Art. 4, Chap. 63, Revised Statutes, in force at the time of the death of Mrs. Hodge, provided that the statute of limitations should not apply to a case of a continuing and subsisting trust.

The will made it the duty of the trustee to pay over to the children of Mrs. Hodge the fund held by him immediately after her death. After that event he had no duty to perform which was in its nature continuing and subsisting. It was not his duty to hold the fund for the children and his wife. His duty and only duty was to pay it over to them, and they might at any time thereafter have maintained an action to compel him to do so.

The principal purpose for which the trust was created was there fully accomplished. The only remaining duty of the trustee was to pay the money and deliver the property constituting the trust estate to those entitled to it under the will. He no longer held under the trust, but in direct violation of its terms. Can he then be said to have been the trustee of a continuing and subsisting trust after the death of his wife? We think not.

This suit was commenced to compel his executor to do that which the will of Bigham made it the duty of Hodge to do more than thirteen years before the suit was brought, and after all his duties as

trustee, except the duty to pay the fund to those entitled, had been performed. There being no continuing and subsisting trust, the statute exempting such trusts from the operation of the act of limitations does not apply.

The trust was by its own terms to terminate at the death of Mrs. Hodge, and on the happening of that event her children not only became entitled to demand the money in the hands of the trustee, but the legal title to the property, if any remained in specie, vested in them by operation of law, leaving Blount Hodge in the position of a mere bailee of the property and debtor for the money in his hands. *Thomas v. Harkness and Wife,* 13 Bush 23.

If the statute did not run from the death of Mrs. Hodge it has not yet commenced, and it is impossible to say when it will begin to run. There is some evidence conducing to prove that Hodge acknowledged the trust as late as February, 1873, but that evidence is entirely too vague and indefinite to take the case out of the statute.

One of Mrs. Hodge's sons by her first husband died in 1863, leaving a widow and several children. He appointed his widow executrix of his will, and she qualified as such and died before this suit was commenced, and the suit for his share was prosecuted in the name of his infant children. It is claimed that their infancy prevented the running of the statute.

It is conceded on all hands that the children of Mrs. Hodge, in being when her husband Bigham, died, took a vested interest in the trust fund. That interest upon the death of the father of these infant plaintiffs passed to his personal representative, and not to them, and they had no right of action to recover it. But waiving this and assuming that they could be permitted to sue, they may do so as substitutes for the personal representative, and as he would be barred they are barred also.

Wherefore the judgment is *affirmed.*

*William Lindsay, Bush, Hendrick & Piles, W. P. Fowler, J. W. Blue, N. H. Bigham, W. D. Greer, for appellants.*

*S. Marble & Son, for appellees.*